| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2005-48T1) | **Order Filed on January 22, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Danielle Marazzi,<br><br>Debtor. | Case No.:  18-22723 MBK<br>Adv. No.:<br>Hearing Date:  8/28/18 @ 10:00 a.m.<br><br>Judge:  Michael B. Kaplan |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: January 22, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:     Danielle Marazzi
Case No.:   18-22723 MBK
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2005-48T1), holder of a mortgage on real property located at 72 King George Road, Warren, NJ, 07059, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Karina Pia Lucid, Esquire, attorney for Debtor, Danielle Marazzi, and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by January 11 2019, or as may be extended by an application to extend or by modified plan; and

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make adequate protection payments in accordance with the terms of the Loss Mitigation Order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is responsible for the difference between the adequate protection payment and the regular monthly payment for all months while the loan modification is pending if loss mitigation is unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.